19053

Farria I. GREEN, Respondent, v. UNITED INSURANCE
COMPANY OF AMERICA, Appellant

(174 S. E. (2d) 400)

*Messrs. Levi & Wittenberg,* of Sumter, *for Appellant,*

*Charles W. McTeer, Esq.,* of Chester, *for Respondent,*

*Messrs. Levi & Wittenberg,* of Sumter, *for Appellant, in Reply,*

May 12, 1970.

BUSSEY, Justice.

This is an action on an accident and health insurance policy issued by the appellant-insurer in which plaintiff sought to recover disability income benefits of $100.00 a month, allegedly due her under the terms of the policy. The jury returned a special verdict in plaintiff's favor, upon which a judgment in the amount of $900.00 was entered, and the appeal is from the denial of the insurer's motion for a judgment *non obstante veredicto.*

A motion for directed verdict was overruled and the cause submitted to the jury for its determination as to whether plaintiff was entitled to recover under either a confining illness clause of the policy, or under an accident clause thereof. The jury specifically found that the plaintiff had suffered an accidental injury resulting in total disability and that she did

not suffer an illness entitling her to recover under the confining illness clause of the policy.

The sole question presented on appeal is whether the evidence, viewed in the light most favorable to plaintiff, would warrant or support a finding that her disability resulted from an accident within the insuring clause of the policy. The policy insured plaintiff, *inter alia,* as follows:

"(1) against loss * * * of time resulting directly and independently of all other causes from accidental bodily injury caused by accident occurring while this policy is in force, hereinafter called 'such injury';"

Part five of the policy is as follows:

## "PART FIVE. TOTAL DISABILITY BENEFITS FOR LIFE—ACCIDENT

"If 'such injury' causes continuous total disability and total loss of time within twenty days after the date of the accident and requires regular and personal attendance by a licensed physician, surgeon, osteopath or chiropractor, other than the Insured, the Company will pay at the rate of the Monthly Benefit stated in the Policy Schedule for one day or more from the first medical treatment so long as the Insured lives and is disabled, suffers such loss of time and requires such regular and personal attendance."

Prior to October 28, 1967, the plaintiff had been employed at a mill in Rock Hill for forty-three years, her occupation being that of weaver. On that date she worked the third shift, retired, and woke up that evening with severe pain in her back and left leg. She called her family physician Dr. Gaston, a general practitioner, who attended her. An X-ray was made which showed that she had "narrowing of the disc spaces of the fifth lumbar and first sacral vertebra * * *." Such showed no evidence of acute bone injury or disease. She was referred to and consulted an orthopedic specialist who was not called to testify.

The record is silent as to whether she had experienced any previous difficulty with her back, but since she had been working regularly, it was inferable that she was in reasonably good health prior to October 1967. The insurer concedes the sufficiency of the evidence to establish total loss of time and continuous total disability requiring regular attendance by a physcian, but contends that there is no evidence from which it could be reasonably inferred that such disability resulted directly and independently of all other causes from accidental bodily injury caused by accident within twenty days after the date of any accident, if such occurred. We are inclined to agree.

While the complaint is susceptible of possibly more than one construction, nowhere therein is an accident specifically or by implication alleged. When the complaint is considered in connection with the proof offered by plaintiff, it is obvious that she and her counsel were proceeding on the theory that she was entitled to recover under the confining illness clause of the policy, but the jury decided adversely to her on this issue.

The theory of accidental cause entered the case only in the course of the cross examination of Dr. Gaston, from which we quote the following:

"Q. Let me put it this way, how does a disc normally become narrow when there is no injury?

"A. There has to be an injury, but she couldn't give any specific incident how she hurt it.

"Q. There is nothing anywhere to show that she was in fact injured?

"A. Not from her history, no."

The doctor had previously testified that plaintiff could not give a specific history of any injury when she first consulted him. He also testified that he did not know whether an intervertebral disc could narrow simply because of age.

To be entitled to recover under the policy clauses hereinabove quoted, the burden was upon plaintiff to prove that

her disability resulted directly and independently of all other causes from accidental bodily injury caused by accident and that such resulted within twenty days after any such accident.

Judicial decisions defining such terms as "accident", "accidental bodily injury", etc. are indeed quite numerous but, as held by this court in *Goethe v. N. Y. Life Ins. Co.,* 183 S. C. 199, 190 S. E. 451 (1937), such terms appearing in insurance policies should be defined according to the ordinary and usual understanding of their significance to the ordinary or common man. A quite simple, but by no means all inclusive, definition of the word "accident" as understood by the ordinary man is,

"An unexpected happening or event, which occurs by chance and usually suddenly, with harmful result, not intended or designed by the person suffering the harm or hurt."

No mention was made by plaintiff or any of her witnesses of any specific happening or event which, under the foregoing definition, or any other definition of which we are aware, could be termed an accident. Plaintiff herself testified as follows:

"Q. I believe you told the doctor you didn't injure yourself?

"A. If I did, I don't know when."

It is clear from her own testimony that the plaintiff herself had no knowledge of any accidental injury let alone any accident occurring within twenty days of the commencement of her disability. Neither the word "accident" nor any words descriptive of such an event appear anywhere in the record, save for the quoted testimony of Dr. Gaston with respect to "injury."

Accordingly, if the plaintiff is to prevail, the verdict in her favor has to rest solely upon such testimony on the part of the doctor. Viewing the testimony in the light most favorable

to the plaintiff as we are required to do, we give full accord to the doctor's opinion that there had to be "an injury". Such, however, is not at all conclusive. The doctor did not elaborate at all upon what he meant by "an injury". The term "injury" is frequently used simply in the sense of "impairment". An injury is not necessarily of traumatic orgin, and even if of traumatic origin, not necessarily of accidental origin. The doctor was not asked and he ventured no opinion as to the origin of the injury or just how recent or how ancient such may or may not have been. Giving full force to his testimony, we are still left in the realm of conjecture and speculation as to the origin and duration of any injury to the disc. To conclude from his very brief reference to "injury" that such was of accidental origin and that such occurred within twenty days prior to plaintiff's disability would be indulging in the sheerest of speculation.

It is elementary that jury verdicts cannot rest upon surmise, speculation or conjecture. We are of the view that the plaintiff has clearly failed to carry the burden of proof imposed upon her and that the motion for judgment *non obstante verdicto* should have been granted. The lower court is, accordingly, reversed and the cause remanded for entry of judgment in favor of the appellant-insurer.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.