Argued August 24, affirmed October 30, reconsideration denied
December 5, 1978, review denied January 9, 1979, 285 Or 1

EBERDT, *Appellant,*
*v.*
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, *Respondent.*
(No. A76-11 16621, CA 10157)
585 P2d 711

Brian E. Jeanotte, Portland, argued the cause and filed the briefs for appellant.

Gerald R. Hayes, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

LEE, J.

**LEE, J.**

Plaintiff, a doctor, appeals from a summary judgment entered in favor of defendant, his professional liability insurance carrier. Plaintiff contends that the insurer was obligated by the terms of an insurance policy to defend against an action for alienation of affections and that, therefore, the insurer is liable for the cost of settling the action filed against plaintiff by a third party

From 1971 to 1974, plaintiff had a professional liability insurance policy with defendant. In March, 1975, plaintiff was served with summons and complaint in a suit entitled "DANIEL THOMAS HANNAN V. EDWARD C. EBERDT, M.D."[1] The complaint alleged that from January, 1973, until December, 1973, Eberdt

> "* * * *intentionally and negligently* engaged in a course of activity and conduct with Barbara L. Hannan which was designed to obtain the affections of Barbara L. Hannan, and which did *alienate* from [Daniel Hannan], *the affections* of Barbara L. Hannan, causing her to abandon [Daniel Hannan], and causing the marriage of Barbara L. Hannan and [Daniel Hannan] to terminate in divorce." (Emphasis supplied.)

Plaintiff, through his attorney, tendered the complaint to defendant on or about March 22, 1975. Defendant denied any obligation to defend against the complaint on the ground, *inter alia,* that the acts complained of did not constitute "professional services," and it was contrary to public policy to insure against the activity alleged. A subsequent amended complaint was not tendered to the defendant.

In April, 1976, plaintiff voluntarily made a settlement with Daniel Hannan of the alienation action. The action was then dismissed with prejudice. At all

---

[1]The caption of the original complaint contains the only reference to Dr. Eberdt's physician status. The nature of a pleading is to be determined by its allegations and not its caption. *Rogue River Management Co. v. Shaw,* 243 Or 54, 61, 411 P2d 440 (1966).

times plaintiff disclaimed guilt of any personal or professional wrong.

■ In general, the allegations of the complaint determine an insurance company's duty to defend. *Farris v. U.S. Fidelity & Guaranty,* 273 Or 628, 635, 542 P2d 1031 (1975). Thus, the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. *Blohm et al v. Glens Falls Ins. Co.,* 231 Or 410, 415-16, 373 P2d 412 (1962). However, it is against public policy for a tortfeasor to insure against liability for intentionally inflicted injury or damage. *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 414, 564 P2d 681 (1977); *Isenhart v. General Casualty Co.,* 233 Or 49, 377 P2d 26 (1962).

Under the public policy limitation against insuring for intentionally inflicted injury or damage, it is not sufficient that the insured's intentional, albeit unlawful, acts have resulted in unintended harm; the acts must have been committed for the purpose of inflicting the injury and harm before either a policy provision excluding intentional harm applies or the public policy against insurability attaches. *Nielsen v. St. Paul Companies,* 283 Or 277, 281, 583 P2d 545 (1978). Therefore, the issue in the instant case is whether a complaint alleging alienation of affection could potentially fall within the coverage of the insurance policy. It could not.

■ The elements of alienation of affection are wrongful conduct of the defendant, *intended to cause* and which actually did cause *a loss to the plaintiff* of the affection and consortium of his spouse. *Edgren v. Reissner,* 239 Or 212, 217, 396 P2d 564 (1964). Thus, by definition, an allegation of alienation of affection constitutes a claim that someone has intentionally inflicted an injury or damage. Public policy prevents an insurer from providing coverage against such a cause of action.

■ Plaintiff also asserts that the action for alienation of affections was groundless and that defendant,

[ 682 ]

therefore, had a duty to defend. However, as stated in *Isenhart v. General Casualty Co., supra* at 54,

> "* * * [i]t is more reasonable to assume that the parties bargained for the insurer's participation in the lawsuit only if the action brought by the third party, if successful, would impose liability upon the insurer to indemnify the insured."

In the instant case, the insurer would not be liable if the alienation action were successful; therefore, the insurer had no duty to defend.

■ Finally, plaintiff contends that the allegation that Eberdt "negligently" alienated the affections of Barbara Hannan obligated the insurance company to defend. However, in the context of a cause of action alleging an intentional tort, which by definition cannot be committed in a negligent manner, the allegation of negligence is surplusage. Therefore, the word "negligently" fails to extend coverage and the insurer had no duty to defend.

The trial court was correct in ordering summary judgment for defendant.

Affirmed.