1928

STATE AUTO PROPERTY AND CASUALTY COMPANY, Appellant v.
Griffith Alonzo BRANNON and Robert Lee Washington, Respondents.

(426 S.E. (2d) 810)

Court of Appeals

*Robert C. Brown* and *J.R. Murphy,* Columbia, *for appellant.*

*Robert B. Lewis,* Columbia, *for respondents.*

Heard Nov. 12, 1992.

Decided Dec. 21, 1992.

SHAW, Judge:

This is a declaratory judgment action submitted on stipulated facts. From an order of the trial judge finding automobile liability coverage for Griffith Alonzo Brannon, State Auto Property and Casualty Company appeals. We reverse.

The record reveals the following. State Auto issued Mr. Brannon an automobile liability policy with a policy period effective from March 4, 1988 through September 4, 1988. On or about August 1, 1988, State Auto sent Mr. Brannon a renewal policy to run from September 4, 1988 to March 4, 1989 which provided a $305 premium was due September 4, 1988. On September 9, 1988, State Auto mailed Mr. Brannon a notice of cancellation stating the policy would terminate at 12:01 a.m. on September 27, 1988, the reason being nonpayment of premium. On September 27, 1988 at approximately 11:00 p.m., Mr. Brannon was involved in an automobile accident at which time his passenger, Robert Lee Washington, was seriously injured. At the time of the accident, Mr. Brannon had not paid the $305 renewal premium.

The policy in question contained the following provisions:

TERMINATION
Cancellation. This policy may be canceled during the policy period as follows:
a. returning this policy to us: or

b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing notice to the named insured shown in the Declarations at the address shown in this policy at least 30 days prior to the date cancellation is to take effect.

3. We can cancel only:

    a. for nonpayment of premium: or

    b. if your driver's license or that of:

        (1) any driver who lives with you; or

        (2) any driver who customarily uses "your covered auto"; has been suspended or revoked. This must have occurred during the policy period. Nonrenewal. If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period. We will nonrenew or refuse to continue this policy if:

1. There exists a valid and enforceable judgment against the named insured shown in the Declarations that he or she has failed to pay when due any payment of premium for this policy. . . .

2. If your driver's license or motor vehicle registration . . . has been suspended or revoked.

    Automatic Termination. If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

The trial judge held that these provisions of the policy, along with the notice of cancellation indicating a termination of the policy at 12:01 a.m. on September 27, 1988 unless premium payment was made on or before that time, created an ambiguity in the policy as to when payment must have been received before coverage would end. The trial judge then held that, regardless of the notice of cancellation termination date, the policy, by its own terms, provided State Auto may only cancel for nonpayment of premium by giving Mr. Brannon

thirty days notice prior to such cancellation and the earliest the policy could be canceled for nonpayment of premium would be 30 days from the inception date of the renewal policy, or October 4, 1988. We disagree.

It is true that insurance policies are to be liberally construed in favor of the insured and strictly construed against the insurer. *Kraft v. Hartford Insurance Companies*, 279 S.C. 257, 305 S.E. (2d) 243 (1983). Any ambiguity in the policy must be construed most favorably to the insured. *Turkett v. Gulf Life Insurance Co.*, 279 S.C. 309, 306 S.E. (2d) 602 (1983). However, as with contracts generally, the first principle in construing insurance contracts is to ascertain the parties' intent. *Poston v. National Fidelity Life Insurance Co.*, 303 S.C. 182, 399 S.E. (2d) 770 (1990). The court must enforce, not write, contracts of insurance and must give policy language its plain, ordinary and popular meaning. *Gambrell v. Travelers Insurance Companies*, 280 S.C. 69, 310 S.E. (2d) 814 (1983). The court should not torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties. *Id.* 310 S.E. (2d) at 816.

We hold, under the plain, ordinary meaning of the policy in question, the parties intended a 30-day-notice period for cancellation when the insurance company intended to cancel or nonrenew for reasons other than nonpayment of premium, and that the policy would automatically terminate at the end of the policy period for nonpayment of the renewal premium when due. The premium in the case at hand was due on September 4, 1988. By notice of cancellation, the insurance company extended an offer to maintain coverage provided Mr. Brannon paid the premium due by September 27, 1988 at 12:01 a.m. Because Mr. Brannon failed to timely pay the premium, coverage was terminated at that time.

We decline to address whether S.C. Code Ann. § 38-77-120 (1989) requires 15 days notice for termination of the policy for failure of the insured to renew as this issue was not ruled upon by the trial judge.

Accordingly, the order below is reversed.

Reversed.

BELL and CURETON, JJ., concur.