2074

USAA PROPERTY AND CASUALTY INSURANCE COMPANY,
Appellant v. Donald M. ROWLAND and James R. Carter, Respondents.

(435 S.E. (2d) 879)

Court of Appeals

*John U. Bell, III, C. Mitchell Brown* and *Susan M. Glenn,*
all of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for
appellant.*

*Robert J. Thomas*, of *Sherrill & Rogers;* and *Harvey L. Golden*, Columbia, *for respondents.*

Heard Sept. 7, 1993.

Decided Sept. 20, 1993. Reh. Den. Oct. 20, 1993.

GOOLSBY, Judge:

USAA Property and Casualty Insurance Company brought this action for a declaratory judgment against Donald M. Rowland and James R. Carter to determine whether a standard homeowner's policy issued by USAA to Rowland required USAA to defend Rowland in an alienation of affections action brought by Carter against Rowland. The trial court declared USAA had a duty to defend Rowland in the action.[1] USAA appeals. We reverse.

## FACTS

In his action for alienation of affections, Carter's amended complaint alleges he suffered "bodily injury" because Rowland "wrongfully, intentionally, maliciously, negligently, and unlawfully" pursued Carter's wife so as to gain her affections and attention. The prayer of Carter's complaint asks for $500,000 in actual and punitive damages.

Rowland requested USAA enter a defense on his behalf under a homeowner's policy that he had purchased from USAA. USAA responded with a reservation of rights letter. Shortly afterward, it filed the instant action.

Rowland's homeowner's policy provides that "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury ... caused by an occurrence to which this coverage applies, [USAA] will:

. . . .

    2. [P]rovide a defense at USAA's expense by a counsel of [USAA's] choice. . . ."

---

[1] Counsel for Rowland represented to this court during oral argument that the action brought by Carter has now been tried and that it resulted in a verdict in Rowland's favor. The question of whether USAA had a duty to provide Rowland liability insurance coverage in the alienation of affections action, therefore, is now moot.

The policy defines "occurrence," so far as is pertinent here, as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results ... in ... [b]odily injury. ..." Also, an exclusion in the policy provides "[p]ersonal liability and [c]overage ... do not apply to bodily injury ... which is expected or intended by the insured[.]"

## ISSUE

Whether USAA has any obligation under Rowland's homeowner's policy to defend Rowland in an action brought against him for alienation of affections.

## DISCUSSION

In *Rivers v. Rivers*, 292 S.C. 21, 354 S.E. (2d) 784 (Ct. App. 1987), this court listed the basic elements of the cause of action for alienation of affections. They are: (1) wrongful conduct on the part of the defendant; (2) the plaintiff's loss of affection or consortium with his or her spouse; and (3) a causal connection between the defendant's conduct and the plaintiff's loss. *Id.* at 29, 354 S.E. (2d) at 788.

The "wrongful conduct" required by the first element "cannot be predicated on mere negligence. ..." 2 S.C. Juris. *Alienation of Affection* § 7, at 89 (1991); *see also* W. KEETON, D. DOBBS, R. KEETON, AND D. OWEN, PROSSER AND KEETON ON THE LAW OF TORTS § 124, at 950 (5th ed. 1984) ("Merely negligent conduct which results in the alienation of affections, or even intentional acts directed at another end which the defendant believes will incidentally have that effect, will not be sufficient. ... [T]he tort must at least be an intentional one, directed at the [marital] relation itself. ..."); 7 S. SPEISER, C. KRAUSE, & A. GANS, THE AMERICAN LAW OF TORTS, *Alienation of Affections* § 22.2, at 544 (1990) ("There is no liability in this type of action unless the defendant has acted for the very purpose of affecting the marital relation. Negligence will not suffice."); RESTATEMENT (SECOND) TORTS § 683 cmt. g. (1977) (the cause of action for alienation of affections requires "active and affirmative conduct," "some act on the part of the defendant intended to induce or accomplish the result"). Rather, the "wrongful conduct" "must be intentional,

malicious, or so inherently wrong as to authorize an inference that a wrong was intended." 2 S.C. Juris. *supra; see also Blaylock v. Strecker,* 291 Ark. 340, 724 S.W. (2d) 470 (1987) (to establish a claim of alienation of affections, the plaintiff must prove, among other things, the defendant acted with the intent to do a wrongful act); *O'Neil v. Schuckardt,* 112 Idaho 472, 733 P. (2) 693 (1986) (intent is an element of a cause of action for alienation of affections); *Duval v. Wiggin,* 124 N.H. 550, 474 A. (2d) 1002 (1984) (among other elements, the plaintiff must prove affirmative conduct by the defendant and an intent to alienate the affections of the other spouse); *Wilson v. Aylward,* 207 Kan. 254, 484 P. (2d) 1003 (1971) (for the plaintiff to recover in an alienation of affections action, the plaintiff must show the defendant's acts were done knowingly and intentionally for the purpose of alienating the spouse's affections); *Gibson v. Frowein,* 400 S.W. (2d) 418 (Mo. 1966) (alienation of affections is an intentional tort); *Pedersen v. Jirsa,* 267 Minn. 48, 125 N.W. (2d) 38 (1963) (the plaintiff must prove the defendant took an active and intentional part in causing the plaintiff to lose the spouse's affections); *McNelis v. Bruce,* 90 Ariz. 261, 367 P. (2d) 625 (1961) (the gist of an alienation of affections action is the unprivileged intentional interference with martial rights); *Tice v. Mandel,* 76 N.W. (2d) 124 (N.D. 1956) (the cause of action for alienation of affections requires an intentional, malicious enticing away of the spouse); *Lewis v. Bauser,* 198 N.E. (2d) 781 (Ohio Ct. App. 1964) (to sustain an action for alienation of affections, proof is required of some act of the defendant by which the defendant intended to bring about alienation). By definition, then, "an allegation of alienation of affection[s] constitutes a claim that someone has intentionally inflicted an injury or damage." *Eberdt v. St. Paul Fire and Marine Ins. Co.,* 36 Or. App. 679, 585 P. (2d) 711, 713 (1978).

Although USAA's policy defines the term "occurrence," it does not define the word "accident." In the absence of a prescribed definition in the policy, the term should be defined according to the ordinary and usual understanding of the term's significance to the ordinary person. *Green v. United Ins. Co. of America,* 254 S.C. 202, 174 S.E. (2d) 400 (1970).

As our Supreme Court observed in *Green*, a "quite simple, but by no means all inclusive, definition of the word 'accident' as understood by the ordinary [person]" is "[a]n unexpected happening or event, which occurs by chance and usually suddenly, with harmful result, not intended or designed by the person suffering the harm or hurt." *Id.* at 206, 174 S.E. (2d) at 402. An alienation of affections sufficient to support a cause of action therefore hardly fits this definition of the word "accident" because it necessarily requires an intentional infliction of injury or damage.

Aside from the definition of the word "accident," there is the matter of the exclusion. The exclusion expressly excludes coverage of the insured for any "bodily injury" "which is . . . intended by the insured[.]" A cause of action for alienation of affections, involving as it does intentional conduct, falls outside the policy's coverage.

We therefore hold USAA had no duty to defend Rowland. *See Snakenberg v. Hartford Casualty Ins. Co.*, 299 S.C. 164, 383 S.E. (2d) 2 (Ct. App. 1989) (an alleged intentional tort held excluded from coverage under a homeowner's policy that stated that personal liability coverage did not apply to bodily injury or property damage expected or intended by insured).

Rowland contends, however, the allegation that he "negligently" pursued Carter's wife and thereby gained her affections is enough to obligate USAA to defend him. We disagree. "[I]n the context of a cause of action alleging an intentional tort, which by definition cannot be committed in a negligent manner, the allegation of negligence is surplusage." *Eberdt*, 585 P. (2d) at 713. Carter's use of the word "negligently" in his amended complaint against Rowland, therefore, added nothing to his cause of action. Neither did it serve to extend coverage nor to obligate USAA to defend its insured. *Id.*

Reversed.

HOWELL, C.J., and BELL, J., concur.