THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michael C. Baxley,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Department of Corrections,       
Respondent.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2003-UP-310
Submitted February 20, 2003  Filed May 6, 2003 

AFFIRMED

 
 
 
Michael C. Baxley, of Florence, for Appellant.
Lake Eric Summers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Michael C. Baxley appeals the 
 order of the circuit courts grant of summary judgment in favor of the South 
 Carolina Department of Corrections.  Baxley insists the Department is liable 
 under the South Carolina Tort Claims Act for an assault and battery committed 
 on him by a former guard while he was confined at the Lieber Correctional Institution.  

After a thorough review of the record and Baxleys 
 pro se brief, we dismiss Baxleys appeal we affirm 
 [1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  
 Padgett v. South Carolina Insurance Reserve Fund, 340 S.C. 250, 531 S.E.2d 
 305, 306 (Ct. App. 2000) (Summary judgment is appropriate when it is clear there 
 is no genuine issue of material fact and the moving party is entitled to judgment 
 as a matter of law.  In determining whether any triable issues of fact exist 
 to preclude summary judgment, the evidence and all reasonable inferences that 
 can be reasonably drawn therefrom must be viewed in the light most favorable 
 to the nonmoving party.); S.C. Code Ann. Section 15-78-20(f) (Supp. 1976) (The 
 provisions of this chapter establishing limitations on and exemptions to the 
 liability of the State, its political subdivisions, and employees, while acting 
 within the scope of official duty, must be liberally construed in favor of limiting 
 the liability of the State.); Moore v. Florence Sch. Dist. No. 1, 314 
 S.C. 335, 444 S.E.2d 498 (1994) (Tort Claims Act does not create a new substantive 
 cause of action against government entity); Summers v. Harrison Constr., 
 298 S.C. 451, 381 S.E.2d 493 (Ct. App. 1989) (Rather, it removes the common 
 law bar of sovereign immunity in certain circumstances, but only to the extent 
 mandated by the Act.); Moore v. Berkely County School District, 326 S.C. 
 584, 486 S.E.2d 9, 13 (Ct. App. 1997) S.C. Code Ann. Section 15-78-60(17) (Supp. 
 1976) (The South Carolina Tort Claims Act addresses the circumstances under 
 which a governmental entity is liable for the tortuous conduct of its employees.  
 However, the Act states a governmental entity is not liable for a loss resulting 
 from employee conduct outside the scope of his official duties of which constitutes 
 actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.); 
 Jones v. Winn Dixie Greenville, Inc., 318 S.C. 171, 456 S.E2d 429, 432 
 (Ct. App. 1995) ([A]n assault occurs when a person has been placed in reasonable 
 fear of bodily harm by the conduct of the defendant, and a battery is the actual 
 infliction of any unlawful, unauthorized violence on the person of another, 
 irrespective of its degree.); State Farm Fire and Cas. Co. v. Barrett, 
 340 S.C. 1, 530 S.E.2d 132, 137 (Ct. App. 2000) (citing USAA Property and 
 Cas. Ins. Co. v. Rowland, 312 S.C.536, 540, 435 S.E.2d 879, 882 (Ct. App. 
 1993)) ([I]n the context of a cause of action alleging an intentional tort, 
 which by definition cannot be committed in a negligent manner, the allegation 
 of negligence is surplusage.); South Carolina Med. Malpractice Liab. Ins. 
 v. Ferry, 291 S.C. 460, 354 S.E.2d 378 (1987) (Although South Carolina allows 
 alternative pleading, a party may not invoke coverage by couching intentional 
 acts in negligence terms.).
AFFIRMED.  
HEARN, C.J., CURETON and GOOLSBY, JJ., concur.  

 
 [1] We decide this case without oral argument pursuant 
 to rule 215, SCACR.