**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1535**

---

BARBARA REESE,

        Plaintiff,

    and

BRIAN BIRO,

        Defendant – Appellant,

      v.

ALEA LONDON LIMITED,

        Defendant - Appellee.

---

**No. 08-1536**

---

BARBARA REESE,

        Plaintiff - Appellant,

      v.

ALEA LONDON LIMITED,

        Defendant - Appellee,

    and

BRIAN BIRO,

        Defendant.

Appeals from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:07-cv-01402-CMC)

Submitted: April 22, 2009                    Decided: May 22, 2009

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claude E. Hardin, Jr., James B. Richardson, Jr., Palmer Freeman, Jr., Columbia, South Carolina, for Appellants. Peter H. Dworjanyn, COLLINS & LACY, P.C., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These appeals arise from a Complaint filed by Appellant Barbara Reese against Appellant Brian Biro in a South Carolina Court of Common Pleas. The Complaint alleged that Biro was hired to conduct a training seminar for the employees of the company where Reese was employed. During the seminar, Biro importuned Reese to break a wooden board with her bare hands. After Reese failed on her first two tries, Biro brought Reese before the assembled group of 200 to 300 of her coworkers and told her that she must try again. Reese protested, but was strongly encouraged to participate in the demonstration by Biro, who led the assembled group to chant Reese's name until she agreed to a final attempt. As a result of this third attempt, Reese suffered severe injuries and nerve damage to her hand, requiring medical care and resulting in long-term impairment.

Biro admitted liability for Reese's injuries, but contended that Appellee Alea London Ltd. ("Alea") had issued a commercial liability policy to him ("the Policy"), which he asserted covered Reese's injury. The Policy provided liability coverage for "bodily injury" caused by an "occurrence." The Policy contained several exclusions, limiting the extent of Biro's coverage. The first exclusion at issue here ("Participants Exclusion") reads, in pertinent part:

3

EXCLUSION - PARTICIPANTS

This Insurance does not apply to "bodily injury," "personal injury" or medical payments to "any person" while practicing for or participating in any circus, concert, demonstration, event, exhibition, race, rodeo, show, contest or any activity of an athletic or sports nature for the events shown in this Schedule.

The Participants Exclusion also defines the term "any person":

"Any person" shall include but is not limited to animal handlers, announcers, attendants, clowns, contestants, entertainers, mechanics, musicians, officials, participants, singers, speakers, stage crews, stock contractors, vendors or their employees, any person employed by or doing volunteer work for you or on your behalf, or any person involved in the promotion, sponsoring or production of the event designated in the Schedule.

The second exclusion at issue here ("Professional Services Exclusion") reads as follows:

EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Description of Professional Services:


1.   MOTIVATIONAL SPEAKER

          * * *

With respect to any professional services shown in the Schedule, this Insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" due to the rendering or failure to render any professional service.

4

Based on these exclusions, Alea denied coverage to Biro for the allegations contained in the Complaint. Reese then brought a declaratory judgment action against Alea and Biro, seeking a declaration that the Policy provided coverage for her injuries. Alea removed the declaratory judgment action to the United States District Court for the District of South Carolina. Biro joined Reese's declaratory judgment claim.

Alea's answer denied coverage and included a counter-claim seeking a declaration that the Policy did not provide coverage for the injury giving rise to the complaint due to the Participants and Professional Services Exclusions. Alea then moved for summary judgment. Reese also moved for summary judgment, arguing that neither exclusion was applicable to her claim.

The district court granted summary judgment in favor of Alea. The court found that, under the plain meaning of the insurance contract, both exclusions were applicable to the Complaint, and served to bar coverage for Reese's claim. As Reese was "participating in [a] . . . demonstration, . . . or an[] activity of an athletic or sports nature," the court held that the Participants Exclusion applied. Reese v. Alea London Ltd., 2008 WL 1766686, at *2 (D.S.C. April 11, 2008). Further, the court concluded that as Biro was "leading a team-building exercise *as part of [a] seminar* when he encouraged Reese to try

5

to break a board with her hands[,] . . . the actions for which Biro may be held accountable in the state court proceeding are professional in nature." Id. at *3. Accordingly, the court held, the Professional Services Exclusion also served to bar coverage. Id.

Reese raises two issues on appeal. First, she contends that the Participants Exclusion is not applicable to her cause of action. She argues that the exclusion applies only to events "designated in the Schedule;" as no such Schedule is attached, this exclusion was not part of the Policy. Even if the Participants Exclusion was part of the Policy, Reese argues, it did not apply in this situation, as she was not participating in a "demonstration" or an "activity of an athletic or sports nature" at the time of her injury.

Second, Reese contends that the Professional Services Exclusion does not apply to her cause of action. She argues that Biro had no professional relationship with her and was not rendering a professional service when he encouraged her to break the board with her hand. We reject these contentions, and affirm.

We review a district court's order granting summary judgment de novo and view the facts in the light most favorable to the nonmoving party. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). Summary judgment is appropriate when no

6

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). The non-movant is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

Reese first contends that, as the Participants Exclusion specifically references an "event designated in the Schedule," and no such Schedule exists, the Participants Exclusion does not apply to the Policy. However, as Reese failed to raise this issue before the district court, it is not properly before us. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that claims raised for the first time on appeal will not be considered absent exceptional circumstances). Accordingly, we decline to address this issue.

Next, Reese contends that, as she was not participating in a demonstration or an activity of a sports or athletic nature at the time of her injury, the Participants Exclusion does not bar Biro's coverage. In a suit based on diversity of citizenship, the substantive law of the forum state is controlling. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). South Carolina courts employ general rules of contract

7

construction when interpreting insurance policies.  See Century Indem. Co. v. Golden Hills Builders, Inc., 561 S.E.2d 355, 358 (S.C. 2002).  Thus, courts will attach "plain, ordinary, and popular meaning" to policy language.  B.L.G. Enters., Inc. v. First Fin. Ins. Co., 514 S.E.2d 327, 330 (S.C. 1999).  "Insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition."  Id.  Though coverage exclusions found within an insurance policy are to be construed against the insurer, see id., a court's duty "is limited to the interpretation of the contract made by the parties themselves regardless of its wisdom or folly, apparent unreasonableness, or [the parties'] failure to guard their rights carefully.'" C.A.N. Enters., Inc. v. S. C. Health & Human Servs. Fin. Com'n, 373 S.E.2d 584, 587 (S.C. 1988) (internal quotation marks and citation omitted).

It is clear that Alea intended to limit its liability through the Participants Exclusion.  As noted above, the Participants Exclusion bars coverage for injuries received by "'any person' while . . . participating in any . . . demonstration, event, . . . or any activity of an athletic or sports nature."  One of the many definitions provided in the Policy for the broadly defined term "any person" includes a "participant."  At the time of her injury, Reese was attempting

8

to break a board with her hand at the behest of Biro, in front of a large audience of her coworkers, as part of a team-building exercise. Reese referred to herself as a "participant" on several occasions in the Complaint. Accordingly, we find that, giving the terms of the Participants Exclusion their plain meaning, Reese qualifies as "'any person' . . . participating" under the Policy.

Next, we must determine whether the board-breaking attempts qualified as a "circus, concert, demonstration, event, exhibition, race, rodeo, show, contest or any activity of an athletic or sports nature." Where a term found within an insurance policy is not defined in the policy, "the term should be defined according to the ordinary and usual understanding of the term's significance to the ordinary person." USAA Prop. & Cas. Ins. Co. v. Rowland, 435 S.E.2d 879, 881-82 (S.C. Ct. App. 1993) (citing Green v. United Ins. Co. of Am., 174 S.E.2d 400, 402 (S.C. 1970)). No ordinary understanding of the terms in the Policy would equate breaking a board as part of a team-building exercise to participation in a circus, concert, race, rodeo, show, or contest. Therefore, we must determine whether an ordinary understanding of the terms "demonstration," "event," "exhibition," or "any activity of an athletic or sports nature" would encompass the circumstances giving rise to Reese's injury.

9

Webster's Dictionary describes "demonstration" as the noun form of the verb "demonstrate," for which it provides four definitions: (1) "[t]o prove or show by evidence or reasoning;" (2) "[t]o show or reveal;" (3) "[t]o explain, esp. by using examples;" and (4) "[t]o make a public protest." Webster's II Dictionary 194 (3d ed. 2005). Reese acknowledges in her brief that "[t]he whole point of th[e] motivational exercise was to teach her that she could achieve something she may have thought beyond her abilities." Thus, the board-breaking exercise was clearly a demonstration, even under Reese's own definition of the term, as it was a "practical exhibition" of the notion that "she could achieve something she may have thought beyond her abilities." Accordingly, the district court was correct in determining that the exercise was a "demonstration" as that term is used in the Policy.

Alternatively, the board-breaking exercise falls under an ordinary understanding of the term "activity of an athletic or sports nature." Though coverage exclusions found within an insurance policy are to be construed against the insurer, "courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties." Diamond State Ins. Co. v. Homestead Indus., Inc., 456 S.E.2d 912, 915 (S.C. 1995). Webster's defines "athletic" as "[o]f or relating to athletics or athletes" or "[o]f or

10

involving physical exertion or activity." Webster's II Dictionary at 46. This latter meaning is in accord with one proposed by Reese: "[c]haracterized by or involving physical activity or exertion; active." Under either of these definitions, it is clear that the board-breaking exercise qualifies as an "activity of an athletic or sports nature" under the Policy. Therefore, we find that the district court was correct in determining that the Participants Exclusion precludes coverage for Reese's injury.

In view of this finding, we need not address Reese's second argument, that coverage is not precluded by the Professional Services Exclusion. For the reasons stated above, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED