629 S.E.2d 683

**AUTO–OWNERS INSURANCE COMPANY, Respondent,**

v.

**Darnasai HAMIN and Vermelle Simmons, her Conservator, Appellants.**

No. 4096.

Court of Appeals of South Carolina.

Heard Feb. 8, 2006.

Decided March 20, 2006.

Rehearing Denied May 18, 2006.

538

Michael Stuart Davenport, of Wilmington, NC, and Shannon Lee Felder, of Columbia, for Appellants.

Thomas E. Player, Jr., of Sumter, for Respondent.

STILWELL, J.:

Darnasai Hamin appeals a circuit court order finding Auto–Owners Insurance Company not liable to provide coverage under Hamin's homeowners' insurance policy for a fire that occurred in her home. We affirm.

## FACTS

Hamin, a minor, owns a house insured by Auto–Owners. Numerous family members reside in the house including Hamin's mother, Melissa Stinnett, Hamin's sister, Vermica Grant, two other siblings, and Hamin's conservator and grandmother, Vermelle Simmons.

At the time of the fire, Grant was fifteen years old. A few hours before the fire, Grant returned to the house after an unexplained absence. Upon her return, Stinnett and Grant argued. Stinnett threatened to place Grant in the custody of the Department of Juvenile Justice if she continued her behavior. Grant replied that if she had to leave the house, she would see that "nobody lived in the house."

Later that night, the house was severely damaged in a fire. Grant admitted she started the fire. Grant stated she did so because she was upset with her mother, was jealous of her infant brother, and wanted to get her mother's attention. Grant alleged she did not believe the house would ignite. After its investigation, Auto–Owners concluded Grant started the fire by pouring gasoline in the basement and then lighting a piece of paper.

Auto–Owners filed this declaratory judgment action alleging the policy's intentional loss exclusion barred the claim. The exclusion prevents coverage for any loss "caused directly or indirectly by ... [a]n action by or at the direction of any **insured** committed with the intent to cause a loss." The policy defines insured as **"you, your relatives;** and any other person under the age of 21 residing with **you** who is in **your** care or the care of a **relative."**

Hamin moved for summary judgment or, in the alternative, a judicial finding of coverage. Hamin argued, *inter alia,* Grant was not an "insured" under the policy because she possessed no insurable interest in the house, and the phrase "intent to cause a loss" in the policy was ambiguous.

The circuit court denied Hamin's motion for summary judgment and found no coverage. The court reasoned Grant was an insured and her lack of an insurable interest in the property was immaterial. Further, the court held the phrase "intent to cause a loss" was not ambiguous and found Grant

intended to cause a loss when she set the fire. Finally, the court held a malicious mischief provision of the policy did not provide coverage.

## STANDARD OF REVIEW

Declaratory judgment actions are neither legal nor equitable, and therefore, the standard of review depends on the nature of the underlying issues. *Campbell v. Marion County Hosp. Dist.*, 354 S.C. 274, 279, 580 S.E.2d 163, 165 (Ct.App.2003). When the purpose of the underlying dispute is to determine whether coverage exists under an insurance policy, the action is one at law. *Horry County v. Ins. Reserve Fund*, 344 S.C. 493, 497, 544 S.E.2d 637, 639–640 (Ct.App. 2001). In an action at law tried without a jury, the appellate court will not disturb the trial court's findings of fact unless they are found to be without evidence that reasonably supports those findings. *Id.*

## LAW/ANALYSIS

### I. Insurable Interest

Hamin contends Grant was not an insured under the policy because Grant had no insurable interest in the house. We disagree.

The policy defines an "insured" as **"you, your relatives;** and any other person under the age of 21 residing with **you** who is in **your** care or the care of a **relative.**" Under the plain terms of the policy, Grant was an insured as she is Hamin's relative and a resident of the household. In *South Carolina Farm Bureau Mutual Insurance Co. v. Kelly*, this court found the policy definition of "insured" rendered the issue of whether the adult son had an insurable interest immaterial because the adult son was a relative and lived in the house, and thus was an insured under the policy. 345 S.C. 232, 240, 547 S.E.2d 871, 875 (Ct.App.2001). We likewise find the issue of whether Grant possessed an insurable interest immaterial because Grant is an insured under the terms of the policy. *See Pennell v. Foster*, 338 S.C. 9, 18, 524 S.E.2d 630, 634 (Ct.App.1999) (stating the terms of the policy govern the

scope of the coverage, unless in conflict with statutory requirements).

## II. Ambiguity in the Intentional Loss Exclusion

■ Hamin also argues the phrase "intent to cause a loss" in the intentional loss exclusion of the policy is ambiguous. Again applying *Kelly*, we find no ambiguity.[1]

■ In *Kelly*, the insurer initiated an action to recover money for two claims previously paid to the insured after the insured's adult son confessed to starting the fires. *Kelly*, 345 S.C. at 235–36, 547 S.E.2d at 873. The intentional acts exclusion in *Kelly* mirrored the exclusion in this case, providing the insurer does "not insure for loss caused directly or indirectly . . . out of any act committed by any insured with the intent to cause a loss." *Id.* at 241, 547 S.E.2d at 876. The *Kelly* court held the language clear and unambiguous. *Id.* We likewise find no ambiguity.[2]

## III. Capacity to Form Intent

■ Hamin next argues Grant did not have the mental or legal capacity to form the intent to cause a loss. This

---

1. Because we find the exclusion unambiguous, we find no merit to Hamin's argument that we must apply the malicious mischief provision to interpret the meaning of the exclusion. *See Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 474, 438 S.E.2d 275, 277 (Ct.App.1993) ("While a policy should be liberally construed in favor of coverage and against exclusion, courts are not permitted to torture the ordinary meaning of language to extend coverage expressly excluded by the terms of the policy.").

2. We need not apply the *Miller* two-prong test of intent because the circuit court never explicitly ruled on the second prong of the test, and the parties neither argued the *Miller* test in their briefs nor raised the issue on appeal until their reply argument before this court. *See Miller v. Fidelity–Phoenix Ins. Co.*, 268 S.C. 72, 75, 231 S.E.2d 701, 702 (1977) (explaining the two prongs of the test as: 1) whether the act causing the loss was intentional, and 2) whether the result of the act was intended). Therefore, the issue is not preserved for appellate review. *See Hunter v. Staples*, 335 S.C. 93, 103, 515 S.E.2d 261, 267 (Ct.App.1999) (finding that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); *Continental Ins. Co. v. Shives*, 328 S.C. 470, 474, 492 S.E.2d 808, 811 (Ct.App.1997) (An appellant may not use the reply brief to argue issues not raised in the initial brief.).

argument was not ruled upon by the circuit court and, therefore, is not preserved for appeal. *See Harris v. Bennett,* 332 S.C. 238, 245, 503 S.E.2d 782, 786 (Ct.App.1998) (stating an issue must have been raised to and ruled upon by the circuit court to be preserved for appellate review).

## IV. Public Policy

■ Lastly, Hamin contends public policy considerations prevent enforcement of the intentional loss exclusion. This issue, having not been ruled upon by the circuit court, is not preserved. *Id.*

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.