638 S.E.2d 103

## SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent,

v.

## David R. DAWSEY, Sr. and David R. Dawsey, Jr., Defendants,

**of whom David R. Dawsey, Jr. is Appellant.**

No. 4176.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2006.
Decided Nov. 6, 2006.
Rehearing Denied Dec. 18, 2006.

James K. Holmes, of Charleston, for Appellant.

Robert J. Thomas, of Columbia, for Respondent.

STILWELL, J.:

South Carolina Farm Bureau Mutual Insurance Company filed this declaratory judgment action against David R. Dawsey, Sr. (father) and David R. Dawsey, Jr. (son) seeking a determination regarding coverage under a homeowner's insurance policy. The master in equity found the policy excluded coverage for injuries incurred by the son. The son appeals. We affirm.[1]

## FACTS

The parties stipulated to the underlying facts: The father was insured under a Farm Bureau homeowner's policy. On February 22, 2002, the son drove to the father's home in North Charleston. "[D]uring th[e] visit, there was some hostility." The father fired his pistol three times at the tires on the son's truck. One of the bullets ricocheted off the driveway and hit the son in the jaw, inflicting substantial injury. The son filed a negligence action against the father. The father did not answer the complaint and is in default. Farm Bureau filed this declaratory judgment action.

The policy provides coverage for bodily injury caused by an occurrence but excludes coverage for injury "resulting from intentional acts or directions of you or any insured. The expected or unexpected results or (sic) these acts or directions are not covered." The master found the exclusion applied in this case and entered judgment for Farm Bureau.

## STANDARD OF REVIEW

Because declaratory judgment actions are neither legal nor equitable, the standard of review depends on the nature of the underlying issues. *Auto–Owners Ins. Co. v. Hamin,* 368 S.C. 536, 540, 629 S.E.2d 683, 685 (Ct.App.2006), *petition for cert. filed,* (S.C. June 16, 2006). When the purpose of the underlying dispute is to determine whether coverage exists under an insurance policy, the action is one at law. *Id.* In an action at law tried without a jury, the appellate court will not disturb the trial court's findings of fact unless they are

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

found to be without evidence that reasonably supports those findings. *Id.* When an appeal involves stipulated or undisputed facts, an appellate court is free to determine if the trial court properly applied the law to the facts. *In re Estate of Boynton,* 355 S.C. 299, 301, 584 S.E.2d 154, 155 (Ct.App.2003). In such a situation, the appellate court does not have to defer to the trial court's findings. *Id.* at 301–02, 584 S.E.2d at 155.

## LAW/ANALYSIS

The son argues the master erred in construing the policy to exclude coverage. We disagree.

 Insurance policies are subject to the general rules of contract construction. *Century Indem. Co. v. Golden Hills Builders, Inc.,* 348 S.C. 559, 565, 561 S.E.2d 355, 358 (2002). The court must give policy language its plain, ordinary, and popular meaning. *Id.* Although exclusions in a policy are construed against the insurer, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition. *B.L.G. Enters. v. First Fin. Ins. Co.,* 334 S.C. 529, 535–36, 514 S.E.2d 327, 330 (1999). The court cannot torture the meaning of policy language to extend coverage not intended by the parties. *State Farm Fire & Cas. Co. v. Barrett,* 340 S.C. 1, 8, 530 S.E.2d 132, 135 (Ct.App. 2000).

 The son argues the South Carolina Supreme Court's interpretation of the intentional acts exclusions in *Miller v. Fidelity–Phoenix Insurance Co.,* 268 S.C. 72, 231 S.E.2d 701 (1977), and *Vermont Mutual Insurance Co. v. Singleton,* 316 S.C. 5, 446 S.E.2d 417 (1994), should have been applied in this case. The insurance policies in *Miller* and *Vermont Mutual* contained language excluding coverage for damage intentionally caused by the insured. The policies did not specifically exclude coverage for the unintentional consequences of intentional acts.

The *Miller* court developed a two-prong test to analyze coverage under an exclusion such as that found in the *Miller* case. To exclude coverage under the *Miller* test, the act causing the loss must have been intentional and the consequences must have been intended. *Miller,* 268 S.C. at 75, 231 S.E.2d at 701 (providing coverage where a child set fire to a

home for the excitement of seeing the fire trucks arrive but no intent to damage the home). In *Vermont Mutual*, the court applied the *Miller* test, rejecting the insurer's argument to adopt a more "contemporary" intentional act analysis. 316 S.C. at 7–8, 446 S.E.2d at 419 (providing coverage where a teenager acted in self-defense when he struck another teenager but did not intend the extensive eye injuries inflicted).

The son argues the policy language in this case excludes coverage for *unexpected* consequences but does not exclude coverage for *unintentional* consequences. Thus, the son maintains, the second prong of the *Miller* test should still apply to provide coverage. The son admits, however, that the terms "intend" and "expect" are "often defined synonymously." To read the policy in the manner urged by the son would require us to rewrite the policy, rather than interpret it as written. "The judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction...." *Thompson v. Continental Ins. Cos.*, 291 S.C. 47, 49, 351 S.E.2d 904, 905 (Ct.App.1986). We agree with the master that the policy excludes coverage for the son's injuries, which were unexpected consequences of the father's intentional act of shooting at the son's tire. Therefore, the order on appeal is

**AFFIRMED.**

HEARN, C.J., and KITTREDGE, J., concur.