656 S.E.2d 17

J. Samuel COAKLEY, individually and as Trustee of a Special Needs Trust for Christian Coakley, Respondent

v.

HORACE MANN INSURANCE CO., Scott Andrew Mitchell, Christopher N. Mitchell and Claudia Dee Dee Mitchell, Petitioners.

No. 26407.

Supreme Court of South Carolina.

Heard Oct. 31, 2007.

Decided Dec. 17, 2007.

Rehearing Denied Feb. 6, 2008.

Phillip E. Reeves and Jennifer D. Eubanks, both of Galli-van, White & Boyd, PA, of Greenville, for Petitioners.

Benjamin C. Harrison, Max Thomas Hyde, Jr., and Jeremy A. Dantin, all of Harrison, White, Smith & Coggins, PC, of Spartanburg, for Respondent.

PER CURIAM:

Respondent Samuel Coakley, individually and as trustee of a special needs trust for his son Christian Coakley (Coakley), sought a declaratory judgment to determine the existence and

amount of excess automobile liability coverage. The circuit court found excess automobile liability coverage existed and awarded Coakley $350,000 in excess insurance benefits from the named insured's policies. The Court of Appeals affirmed. *Coakley v. Horace Mann Ins. Co.*, 363 S.C. 147, 609 S.E.2d 537 (Ct.App.2005). We granted Horace Mann's and the Mitchell's petition for certiorari and now reverse.

## FACTS

On August 19, 1994, Coakley was a passenger in a car being driven by Scott Mitchell (Scott). Scott drove the vehicle off the road and collided with a tree. As a result of the one-car accident, Coakley is a permanent quadriplegic.

The automobile driven by Scott in the accident, a 1984 Mazda RX–7, was owned by Scott's older brother, Christopher Mitchell (Christopher). At the time of the accident, Christopher was a student at Clemson University, lived in an apartment in Clemson during the school year, and was the primary user of the Mazda RX–7. Scott was a high school student and lived with his and Christopher's mother, Claudia "Dee Dee" Mitchell (Dee Dee). At the time of the accident, Christopher was away on a trip and left the car at his mother's house, and Scott had permission to use the car.

Horace Mann insured Christopher's Mazda RX–7, and Dee Dee was the named insured.[1] Horace Mann tendered the full liability limit of $50,000 to Coakley from this policy. In addition, Dee Dee maintained policies on three other vehicles; two of these policies carried liability limits of $50,000, and another policy had a liability limit of $250,000. All policies purchased by Dee Dee extended liability protection for the operation of non-owned cars.

As part of the settlement of the policy limits for the Mazda RX–7, the trust and Horace Mann entered into a covenant not to execute. Pursuant to the covenant, Horace Mann tendered the $50,000 limit from the policy covering the Mazda RX–7 and allowed the trust to bring a declaratory judgment action to determine the applicability of Dee Dee's three additional

---

1. Scott, as a resident relative of Dee Dee, was an insured under all four policies issued to Dee Dee.

policies. In exchange, the trust agreed that its recovery, if any, would be limited to $350,000, which was the combined total of the three policies.

The trust then instituted this declaratory judgment action alleging that the three additional policies provided excess automobile liability coverage for the Mazda RX–7. The trust claimed that the Mazda RX–7 was a non-owned vehicle because Christopher owned the car and was not a relative as defined in the policies.

The parties agreed to transfer the case to a non-jury docket and then agreed to submit the case to a circuit court judge with memoranda of authority, copies of the policies in dispute, and the deposition testimony of Dee Dee, Christopher, and Scott Mitchell. The circuit court then issued an order finding excess liability coverage was available to Coakley under all three policies, resulting in the recovery of $350,000.

## ISSUES

I. Did the Court of Appeals err in holding that Christopher Mitchell was not a dependent of Dee Dee Mitchell, thereby triggering excess liability coverage?

II. If excess liability coverage is applicable, did the Court of Appeals err in failing to apply policy provisions that purport to limit the amount of excess coverage available to Coakley?

## ANALYSIS

■ Horace Mann argues that the Mazda RX–7 owned by Christopher does not qualify as a non-owned vehicle under Dee Dee's policies, thus excess liability coverage is not available for Coakley.[2] We agree.

■ A declaratory judgment action is neither legal nor equitable, and it is determined by the nature of the underlying issue. *Felts v. Richland County*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). An insurance policy is a contract between the

---

2. Horace Mann acknowledges that if the Mazda RX–7 is a non-owned car as defined in the policies, then Scott, the at-fault driver, would have excess liability coverage under each of the three remaining policies issued to Dee Dee.

insured and the insurance company, and the terms of the policy are to be construed according to contract law. *Est. of Revis v. Revis*, 326 S.C. 470, 476, 484 S.E.2d 112, 115 (Ct.App. 1997). In an action at law, on appeal of a case tried without a jury, we may not disturb the trial judge's findings of fact unless those findings are "wholly unsupported by the evidence or unless it clearly appears the findings are controlled by an error of law." *Cohen's Drywall Co. v. Sea Spray Homes, LLC*, 374 S.C. 195, 198, 648 S.E.2d 598, 600–601 (2007).

Under each policy, Scott has excess liability insurance coverage for non-owned cars. The provision in each policy reads:

### COVERAGE FOR USE OF OTHER CARS

Bodily injury and property damage liability coverages extend to the use, by an insured, of . . . a non-owned car while being used with the permission of the driver.[3]

A non-owned car is defined in the policies as a private passenger car or utility vehicle not: (1) owned by; (2) registered in the name of; or (3) furnished or available for the regular or frequent use of the insured or the insured's relatives. Dee Dee, the named insured, did not have the title or registration to the Mazda RX–7 in her name, nor was the Mazda RX–7 available for her regular or frequent use. Horace Mann claims that Christopher is one of Dee Dee's relatives, which would preclude the Mazda RX–7 from qualifying as a non-owned vehicle.

A relative is defined in the Horace Mann policies as "a person related to you by blood, marriage or adoption who lives with you. It includes your unmarried and dependent child who is away at school." At the time of the accident, Christopher was not married and did not live with his mother while he was away at Clemson. The issue becomes whether Christopher was a dependent of Dee Dee.

The circuit court determined that Christopher was not dependent on his mother and the Court of Appeals affirmed. Although Christopher stated he did not receive money from

---

3. A separate policy provision states, "If a . . . non-owned car . . . has other vehicle liability coverage on it, then this coverage is excess."

his mother[4] and that his father would give him a lump sum of money per semester for tuition, books, rent, and living expenses, this type of financial assistance to a college student is not the *sine qua non* of dependency. In other words, the issue of Christopher's dependency is not solely a question of who paid the majority of his school expenses.

The fact that Christopher's father may have provided the bulk of Christopher's financial support at Clemson does not mean that Christopher was not also dependent upon his mother. Dee Dee claimed Christopher as a dependent on her income tax returns, albeit pursuant to a court order, and she and Christopher's father shared costs for Christopher's medical expenses. In addition, Dee Dee paid for Christopher's car taxes and insurance. Other evidence of Christopher's dependency includes Dee Dee's co-signing on the lease for Christopher's apartment at Clemson and the fact that Dee Dee maintained a bedroom at her house[5] to which Christopher often returned on weekends.

Accordingly, the crucial factual finding that Christopher was not a dependent of Dee Dee is wholly unsupported by the evidence. As a result, Christopher is a relative of Dee Dee under the Horace Mann policy, the Mazda RX–7 does not constitute a non-owned vehicle, and excess liability coverage is not available to Coakley.

## CONCLUSION

We reverse the Court of Appeals' holding that Coakley was entitled to excess liability coverage because it was predicated on the finding that Christopher Mitchell was not a dependent of Dee Dee Mitchell. In light of our holding, it is not necessary to determine whether the Horace Mann policy limited the amount of excess coverage available to Coakley. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not

---

4. However, Dee Dee testified in her deposition that she gave Christopher spending money, grocery money, gas money, and paid for Christopher's auto repairs.

5. Dee Dee's address also was the address Christopher used on his driver's license and for his voter registration.

8

address remaining issue when determination of prior issue is dispositive). The Court of Appeals' opinion is

**REVERSED.**

TOAL, C.J., MOORE, WALLER, PLEICONES, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.