THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Associated
 Receivables Funding, Inc. Respondent,
 
 
 
 
 

v.

 
 
 
 Boiling Springs
 Textiles and Ricky W. Shropshier, Defendants,
 
 
 of whom Ricky
 W. Shropshier is the Appellant.
 
 
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2010-UP-501
 Submitted November 1, 2010  Filed
November 10, 2010

AFFIRMED IN PART AS MODIFIED and REMANDED

 
 
 
 Richard H. Rhodes and William H. Rhodes,
 of Spartanburg, for Appellant.
 Keven K. Kenison and Townes B. Johnson,
 III, of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this appeal from a nonjury trial,
 Appellant Ricky W. Shropshier appeals the judgment entered against him in favor
 of Respondent Associated Receivables Funding, Inc. (A/R Funding).  Shropshier
 argues A/R Funding failed to:  (1) prove Shropshier breached the contract; (2)
 put forth evidence to support the award of damages; and (3) prove that it was
 entitled to attorney's fees.  We affirm[1] the judgment in part as modified and remand, pursuant to Rule 220(b) and the
 following authorities:  
1.  As to whether
 there is any evidence that Shropshier breached the contract, we find this issue
 abandoned on appeal.  See Transp. Ins. Co. & Flagstar Corp. v.
 S.C. Second Injury Fund, 389 S.C. 422, __, 699 S.E.2d 687, 692 (2010)
 ("Short, conclusory statements made without supporting authority are
 deemed abandoned on appeal and therefore not preserved for our review.")
 (internal quotation and citation omitted).  As to whether there was a novation
 of the parties' agreement, we find Shropshier failed to show the parties
 intended the promissory note to be a substitution of the original agreement.  See Superior Auto. Ins. Co. v. Maners, 261 S.C. 257, 262, 199 S.E.2d 719,
 722 (1973) (holding there must be an intention to create a novation, which can
 be ascertained from the circumstances surrounding the transaction); Wellman,
 Inc. v. Square D. Co., 366 S.C. 61, 72, 620 S.E.2d 86, 92 (Ct. App. 2005) (finding
 a novation is "an agreement between all parties concerned for the
 substitution of a new obligation between the parties with the intent to
 extinguish the old obligation," and the party asserting a novation has the
 burden of proving it) (internal quotation and citation omitted).
2.  As to whether
 the $46,760.83 judgment is supported by the evidence, we find the award of
 $6,583.62 in contractual fees is wholly unsupported by the record.  Thus, we
 reduce the award by that amount.  We affirm the rest of the award, subtract the
 contractual fees, and modify the judgment to $40,177.21.  See Coakley
 v. Horace Mann Ins. Co., 376 S.C. 2, 6, 656 S.E.2d 17, 19 (2007) ("[O]n
 appeal of a case tried without a jury, we may not disturb the trial judge's
 findings of fact unless those findings are wholly unsupported by the evidence
 or unless it clearly appears the findings are controlled by an error of
 law.") (internal quotation and citation omitted).
3.  As to whether
 the court erred in awarding attorney's fees, we find A/R Funding is
 contractually entitled to attorney's fees; however, we remand the issue of the
 amount of attorney's fees for consideration of the appropriate factors, as we
 are unable to make this determination from the record.  See Baron
 Data Sys., Inc. v. Loter, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989)
 (noting attorney's fees are not recoverable unless authorized by contract or
 statute); id. at 384-85, 377 S.E.2d at 297 (stating that although no one
 factor is controlling, the trial court must consider the following six
 factors:  (1) the nature, extent, and difficulty of the legal services
 rendered; (2) the time and labor necessarily devoted to the case; (3) the
 professional standing of counsel; (4) the contingency of compensation; (5) the
 fee customarily charged in the locality for similar legal services; and (6) the
 beneficial results obtained) (emphasis added).  
Accordingly, the
 judgment herein is
AFFIRMED IN
 PART AS MODIFIED and REMANDED.

THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.