**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

AMH-Ashley Marina, LLC, and AMH Management, LLC, Appellants,

v.

The Harborage at Ashley Marina Horizontal Property Regime, The Harborage at Ashley Marina Condominium Association, Eddie McCoy, Stuart Reeves, Brian Swan, Rich Cone, and Ed Miskotten, individually, Respondents.

Appellate Case No. 2014-002742

―――――――――――

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

―――――――――――

Unpublished Opinion No. 2016-UP-357
Submitted April 1, 2016 – Filed July 6, 2016

―――――――――――

**AFFIRMED**

―――――――――――

Edward K. Pritchard, III and Elizabeth Fraysure Fulton, both of Pritchard Law Group LLC, of Charleston, for Appellants.

Michael A. Timbes and Thomas James Rode, both of Thurmond Kirchner Timbes & Yelverton, P.A., of Charleston, for Respondents.

―――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Auto-Owners Ins. Co. v. Hamin*, 368 S.C. 536, 540, 629 S.E.2d 683, 685 (Ct. App. 2006) ("Declaratory judgment actions are neither legal nor equitable, and therefore, the standard of review depends on the nature of the underlying issues."); *Heritage Fed. Sav. & Loan v. Eagle Lake & Golf Condos.*, 318 S.C. 535, 539, 458 S.E.2d 561, 564 (Ct. App. 1995) ("The interpretation of a deed is an equitable matter."); *id.* (stating that in matters of equity, this court "review[s] the evidence to determine the facts in accordance with [its] view of the preponderance of the evidence"); *Kinard v. Richardson*, 407 S.C. 247, 257, 754 S.E.2d 888, 893 (Ct. App. 2014) (noting that a restrictive covenant is an agreement to do or not to do certain things with respect to real property); *Seabrook Island Prop. Owners Ass'n v. Marshland Trust, Inc.*, 358 S.C. 655, 661, 596 S.E.2d 380, 383 (Ct. App. 2004) (noting that restrictive covenants are voluntary contracts); *Hardy v. Aiken*, 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006) ("[A] restriction on the use of the property . . . [is] to be strictly construed, with all doubts resolved in favor of the free use of property." (alteration in original) (quoting *Hamilton v. CCM, Inc.*, 274 S.C. 152, 157, 263 S.E.2d 378, 380 (1980))); *Sea Pines Plantation Co. v. Wells*, 294 S.C. 266, 270, 363 S.E.2d 891, 894 (1987) ("Courts shall enforce such covenants unless they are indefinite or contravene public policy."); *N. Am. Rescue Prods., Inc. v. Richardson*, 411 S.C. 371, 379, 769 S.E.2d 237, 241 (2015) (providing that "agreements to agree in the future have no legal effect" and are void for indefiniteness).[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We find the two-issue rule is inapplicable to this appeal. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.