**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Erie Insurance Exchange, Respondent,

v.

Government Employees Insurance Company, Mark Allison Scoggin, and Angela Bennett Hill, Defendants,

Of which Government Employees Insurance Company is the Appellant.

Appellate Case No. 2015-001827

———————

Appeal From Horry County
Paul M. Burch, Circuit Court Judge,

———————

Unpublished Opinion No. 2017-UP-441
Heard October 3, 2017 – Filed November 22, 2017

———————

**REVERSED**

———————

Robert Thomas King and Edward Andrew Love, both of King, Love & Hupfer, LLC, of Florence, for Appellant.

John Dwight Hudson, of Hudson Law Offices, of Myrtle Beach, for Respondent.

———————

**PER CURIAM:**  In this declaratory judgment action, Government Employees Insurance Company (GEICO) appeals the circuit court's declaration that GEICO's insurance policy issued to Mark Scoggin provided $25,000 in excess liability coverage for the underlying motor vehicle accident.  GEICO argues the circuit court erred in: (1) finding the vehicle operated by Scoggin was a "non-owned auto" under Scoggin's liability policy; (2) finding a clause in the "Other Insurance" provision of Scoggin's policy rendered the policy ambiguous; (3) concluding GEICO could not disclaim coverage under the terms of the policy because it issued Scoggin a Declarations Page; (4) declaring the "owned auto" and "non-owned auto" definitions violated public policy; and (5) finding Erie Insurance Exchange (Erie) was entitled to attorneys' fees and costs.  We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in finding that the vehicle driven, but not owned or insured, by Scoggin was a non-owned auto under his policy:  *State Auto Prop. & Cas. Ins. Co. v. Gibbs*, 314 S.C. 345, 348, 444 S.E.2d 504, 505 (1994) ("An action to declare excess or secondary liability coverage is an action at law."); *Auto Owners Ins. Co. v. Newman*, 385 S.C. 187, 191, 684 S.E.2d 541, 543 (2009) ("In an action at law tried without a jury, the appellate court will not disturb the [circuit] court's findings of fact unless there is no evidence to reasonably support them."); *Coakley v. Horace Mann Ins. Co.*, 376 S.C. 2, 5–6, 656 S.E.2d 17, 18–19 (2007) (per curiam) ("An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law."); *Sloan Const. Co. v. Cent. Nat. Ins. Co. of Omaha*, 269 S.C. 183, 185, 236 S.E.2d 818, 819 (1977) ("Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary[,] and popular meaning."); *Williams v. Gov't Emps. Ins. Co.*, 409 S.C. 586, 594, 762 S.E.2d 705, 709 (2014) ("Whe[n] the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." (quoting *McGill v. Moore,* 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009))); *S.C. Farm Bureau Mut. Ins. Co. v. Dawsey*, 371 S.C. 353, 356, 638 S.E.2d 103, 104–05 (Ct. App. 2006) ("[I]nsurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition.  The court cannot torture the meaning of policy language to extend coverage not intended by the parties." (citation omitted)); *Coakley*, 376 S.C. at 7, 656 S.E.2d at 19 (finding the at-fault car did not qualify as a non-owned vehicle under the excess liability coverage policies because the owner of the vehicle was a resident relative of the named insured listed in the excess liability policies); *Tollison v. Reaves*, 277 S.C. 443, 446, 289 S.E.2d 163, 165 (1982) (finding an insurer was not liable for additional liability coverage because the vehicle driven

by the grandson did not qualify as a non-owned automobile under the grandfather's policy because the grandson was the actual owner of the vehicle and the vehicle was furnished for the grandson's regular use).

2. As to whether the circuit court erred in finding GEICO's policy ambiguous due to the phrase "a vehicle you do not own" in the "Other Insurance" provision: *S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302–03 (2001) (finding that whether the language of a contract is ambiguous is a question of law for the court); *Williams*, 409 S.C. at 595, 762 S.E.2d at 710 ("A contract is read as a whole document so that one may not create an ambiguity by pointing out a single sentence or clause." (quoting *McGill,* 381 S.C. at 185, 672 S.E.2d at 574)); *id.* ("Whether a contract is ambiguous is to be determined from examining the entire contract, not by reviewing isolated portions of the contract."); *Dawsey*, 371 S.C. at 356, 638 S.E.2d at 105 ("The court cannot torture the meaning of policy language to extend coverage not intended by the parties."); *S.C. Ins. Co. v. Fid. & Guar. Ins. Underwriters, Inc.*, 327 S.C. 207, 211, 489 S.E.2d 200, 202 (1997) ("'Other insurance' clauses are intended to apportion an insured loss between or among insurers whe[n] two or more policies offer coverage of the same risk and same interest for the benefit of the same insured for the same period.").

3. As to whether the circuit court erred in concluding that GEICO was unable to disclaim coverage under the terms of the policy because it issued Scoggin a Declarations Page: *S.C. Farm Bureau Mut. Ins. Co. v. Wilson*, 344 S.C. 525, 530, 544 S.E.2d 848, 850 (Ct. App. 2001) ("An insurer's obligation under a policy of insurance is defined by the terms of the policy itself and cannot be enlarged by judicial construction."); *Williams*, 409 S.C. at 598, 762 S.E.2d at 712 ("[I]nsurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or some statutory inhibition."); *Ruppe v. Auto-Owners Ins. Co.*, 329 S.C. 402, 406, 496 S.E.2d 631, 633 (1998) ("The extent of liability coverage is thus statutorily defined by the amount of coverage on the insured vehicle and does not encompass coverage applicable to other vehicles."); *Kraft v. Hartford Ins. Cos.*, 279 S.C. 257, 258, 305 S.E.2d 243, 244 (1983) ("An insurer is not required by statute to offer insurance coverage for the operation of non-owned vehicles; thus, the parties may contract as they choose.").

4. As to whether the circuit court erred in finding that GEICO violated public policy: *Williams*, 409 S.C. at 599, 762 S.E.2d at 712 ("Whether a particular provision in an insurance policy violates the public policy of the state is a question of law that is reviewed [de novo] by an appellate court."); *Kraft*, 279 S.C. at 258,

305 S.E.2d at 244 ("An insurer is not required by statute to offer insurance coverage for the operation of non-owned vehicles; thus, the parties may contract as they choose."); *Smith v. Liberty Mut. Ins. Co.*, 313 S.C. 236, 239, 437 S.E.2d 142, 144 (Ct. App. 1993) ("We cannot read into an insurance contract, under the guise of public policy, provisions which are not required by law and which the parties thereto clearly and plainly have failed to include." (quoting *Barkley v. Int'l Mut. Ins. Co.*, 227 S.C. 38, 45, 86 S.E.2d 602, 605 (1955))).

5.  As to whether the circuit court erred in awarding attorney's fees and costs to Erie:  *Hegler v. Gulf Ins. Co.*, 270 S.C. 548, 549, 243 S.E.2d 443, 444 (1978) ("As a general rule, attorney's fees are not recoverable unless authorized by contract or statute."); *see also S.C. Elec. & Gas Co. v. Hartough*, 375 S.C. 541, 550, 654 S.E.2d 87, 91 (Ct. App. 2007).

**REVERSED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**