**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Therese Emry and Dakine Elite Automobiles, LLC,
Appellants,

v.

Andrew Michael Carpenter, Bendell Moore, Manage My
Success, and Larry D. Wylie, and Vashti Encarnacion,
Defendants,

Of Whom Vashti Encarnacion d/b/a Manage My Success
and Bendell Moore are the Respondents.

Appellate Case No. 2018-001040

---

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-047
Submitted January 1, 2021 – Filed February 17, 2021

---

**AFFIRMED**

---

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of
York, for Appellants.

Vashti Encarnacion, of Rock Hill, pro se.

Bendell Moore, pro se.

---

**PER CURIAM:**  Therese Emry appeals the trial court's order dismissing her claims for conversion against Vashti Encarnacion and Bendell Moore.  On appeal, Emry asserts the trial court erred because (1) Moore was in default and (2) evidence at trial supported her conversion claims against Encarnacion and Moore.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  First, we find Emry was not entitled to default judgment as of right and Emry failed to prove damages against Moore by a preponderance of the evidence.  *See* Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)."); Rule 55(b)(2), SCRCP ("[T]he party entitled to a judgment by default shall apply to the court . . . ."); *id.* ("If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper. . . ."); *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997) ("The discretionary element makes it clear that the party requesting a judgment by default is not entitled to one as of right, even when the defendant is technically in default."); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 204, 723 S.E.2d 597, 603 (Ct. App. 2012) ("In a default case, [therefore,] the plaintiff must prove . . . the amount of his damages, and such proof must be by a preponderance of the evidence.").[1]

2.  Second, we find Emry failed to prove by a preponderance of the evidence Moore and Encarnacion exercised an unauthorized right of ownership over the vehicles.  *See Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599–600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law."); *Harleysville Grp. Ins. v. Heritage Communities, Inc.*, 420 S.C. 321, 333, 803 S.E.2d 288, 294 (2017)

---

[1] We note the trial court awarded Emry the full amount of damages she requested against Andrew Carpenter, the co-owner of Dakine Elite Automobiles, LLC (Dakine), who the trial court found responsible for converting the funds Emry provided for Dakine's start-up costs.  The trial court also awarded Emry partial summary judgment against Moore and Encarnacion under a claim and delivery theory for the vehicles at issue.

("[T]he appellate court will not disturb the trial court's findings of fact unless there is no evidence to reasonably support them." (quoting *Auto-Owners Ins. Co. v. Hamin,* 368 S.C. 536, 540, 629 S.E.2d 683, 685 (Ct. App. 2006))); *Owens v. Andrews Bank & Trust Co.*, 265 S.C. 490, 496, 220 S.E.2d 116, 119 (1975) ("Conversion has been defined in our case law as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights."); *Castell v. Sephenson Finance Co.*, 244 S.C. 45, 51, 135 S.E.2d 311, 313 (1964) ("Since conversion is a wrongful act, it cannot arise from the exercise of a legal right.").[2]

**AFFIRMED.**[3]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] We note Emry refers to Moore and Encarnacion's conduct as a "civil conspiracy" in her brief to this court and used the term conspiracy throughout the trial. However, Emry did not plead civil conspiracy in her complaint and the trial court did not address a conspiracy argument in its order. Accordingly, we find Emry's conspiracy argument is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.