**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Farm Bureau Mutual Insurance Company, Respondent,

v.

Richard K. Longphre and Travis E. Simpson, Defendants,

Of Whom Richard K. Longphre is Appellant.

Appellate Case No. 2020-001141

---

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge,

---

Unpublished Opinion No. 2022-UP-443
Submitted October 1, 2022 – Filed December 7, 2022

---

**AFFIRMED**

---

Neal Douglas Truslow, of Truslow & Truslow, of Columbia, for Appellant.

Ross Buchanan Plyler, of Roe Cassidy Coates & Price, PA, of Greenville, for Respondent.

---

**PER CURIAM:** Richard K. Longphre appeals the circuit court's order granting summary judgment in favor of South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). On appeal, Longphre argues the circuit court erred in finding Farm Bureau did not provide liability coverage for the injuries he sustained due to the alleged actions of Farm Bureau's insured, Travis Simpson. We affirm. We hold the circuit court did not err in granting summary judgment because Simpson's actions fell within the policy's intentional acts exclusion. *See State Farm Mut. Auto. Ins. Co. v. Windham*, 432 S.C. 134, 143, 850 S.E.2d 633, 638 (Ct. App. 2020) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the circuit court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *S.C. Farm Bureau Mut. Ins. Co. v. Dawsey*, 371 S.C. 353, 356, 638 S.E.2d 103, 104 (Ct. App. 2006) ("Insurance policies are subject to the general rules of contract construction."); *id.* ("The court must give policy language its plain, ordinary, and popular meaning."); *id.* ("Although exclusions in a policy are construed against the insurer, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition."); *id.* at 356, 638 S.E.2d at 105 ("The court cannot torture the meaning of policy language to extend coverage not intended by the parties."). Simpson's Farm Bureau policy excluded from personal liability coverage bodily injury "resulting from intentional acts or directions of [the policyholder] or any insured" and further provided "[t]he expected or unexpected results o[f] these acts or directions are not covered." Longphre asserted Farm Bureau was required to provide coverage for an injury he allegedly sustained following an altercation with Simpson. Simpson testified that he tackled Longphre to the ground, and as the men stood up, Simpson pushed Longphre, causing him to fall. Simpson explained the push was "to get up and to get [Longphre] away from [him] where [he] could get out of there." He acknowledged he could have risen without pushing Longphre. Longphre's vague testimony that he and Simpson became "entangled somehow," causing him to fall does not contradict Simpson's testimony, which showed he intentionally pushed Longphre. In addition, Longphre's complaint in the underlying action couching the incident in terms of negligence did not create a genuine issue of material fact. *See State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 11, 530 S.E.2d 132, 137 (Ct. App. 2000) ("Although South Carolina allows alternative pleading, a party may not invoke coverage by couching intentional acts in negligence terms."). Although the record contains evidence Simpson did not intend to injure Longphre, he intended to push

him.  The plain language of the Policy excluded coverage for the unexpected result of an intentional act.

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.